# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50357 | **DATE** | 2/26/2003 |
| **CASE TITLE** | BREWER vs. WAL-MART STORES, INC. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion to dismiss Count III is denied.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | | number of notices |
| X | Notices mailed by judge's staff. | | FEB 26 2002 |
| | Notified counsel by telephone. | | date docketed |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | 2-26-03 |
| /SEC | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice / mailing deputy initials |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Carla S. Brewer, filed this action against defendant, Wal-Mart Stores, Inc. Her third amended complaint contains three counts: negligence (Count I), res ipsa loquitur (Count II) and wilful and wanton conduct (Count III). The court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) as the amount in controversy exceeds $75,000 and plaintiff is a citizen of Illinois and defendant is a citizen of Delaware (its place of incorporation) and Arkansas (its principal place of business). Defendant moves to dismiss Count III under Fed. R. Civ. P. 12 (b) (6) for failure to state a claim upon which relief can be granted.[1]

A 12 (b) (6) motion is granted only when, taking all well-pleaded factual allegations in the complaint as true and drawing all reasonable inferences in favor of plaintiff, no set of facts could be proved entitling plaintiff to relief. See American United Logistics, Inc. v. Catellus Development Corp., No. 01-1711, 2003 WL 291890, * 3 (7th Cir. Feb.12, 2003). Under Illinois law, which the parties agree applies, an "individual acts wilfully or wantonly if he or she displays a reckless disregard for the safety of others after knowledge of impending danger." Reid v. Norfolk & W. Ry. Co., 157 F.3d 1106, 1111 n. 5 (7th Cir. 1998) (applying Illinois law). Federal pleading requirements must "simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) quoting, Conley v. Gibson, 355 U.S. 41, 47 (1957). "Malice, intent, knowledge, and other conditions of mind of a person may be averred generally." Fed. R. Civ. P. 9 (b).

Plaintiff has alleged defendant knew of the impending danger of injury from the way it stacked its merchandise, that it recklessly disregarded the safety of plaintiff and others despite this knowledge, and that plaintiff was injured because of defendant's actions. Plaintiff has given defendant sufficient notice of the claim against it and the grounds on which the claim is based. See Swierkiewicz, 534 U.S. at 512. Plaintiff could prove a set of facts entitling her to relief. If defendant believes this claim lacks merit, summary judgment is the means to address unmeritorious claims. Id. at 514.

Defendant's motion to dismiss Count III is denied.

---

[1] The court will not consider the evidentiary material submitted in opposition to the motion to dismiss. See Loeb Industries, Inc. v. Sumitomo Corp., 306 F.3d 469, 479 (7th Cir. 2002) (considering material outside the pleadings requires treating the motion as one for summary judgment).