# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50357 | **DATE** | 4/29/2003 |
| **CASE TITLE** | Brewer vs. Wal-Mart | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, Defendant's Motion to Strike is granted and Plaintiff's Fourth Supplemental Request to Produce is stricken without prejudice. Additionally, Defendant's Motion for Reasonable Fees is granted in part and denied in part. Defendant is ordered to pay Dr. Bakken $784.00 ($1792.00 - $525.00 - $483.00 = $784.00)

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | APR 29 2003 | 51 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | 4/29/2003 | |
| | | date mailed notice | |
| sp | courtroom deputy's initials | Date/time received in central Clerk's Office | sp mailing deputy initials |

# ORDER

Wal-Mart Stores, Inc. ("Defendant") filed, on April 3, 2003, a Motion to Strike Plaintiff's Fourth Supplemental Request to Produce ("Motion to Strike") and a Motion to Determine Reasonable Fees ("Motion for Reasonable Fees"). Carla Brewer ("Plaintiff") filed Plaintiff's Response to Defendant Wal-Mart Stores, Inc.'s Motion to Strike Plaintiff's Supplemental Production Request ("Plaintiff's Response") on April 18, 2003. Defendant informed the court on April 22, 2003, via letter, that it would not be filing a reply. For the following reasons, Defendant's Motion to Strike is granted and Defendant's Motion for Reasonable Fees is granted in part and denied in part.

In Defendant's Motion to Strike, Defendant argues that in the November 29, 2001 Case Management Order ("CMO"), the only CMO filed in the instant case, this court set a limit of twenty production requests. (Mot. to Strike at 1). On March 21, 2003, Plaintiff propounded her Fourth Supplemental Request to Produce, representing two requests, which as far as this court could tell, was the thirty-fourth request overall. Defendant argues that Plaintiff's Fourth Supplemental Request to Produce merely pertains to documents previously produced but re-categorized in a different fashion. (*Id.* at 2). Plaintiff, on the other hand, argues that when the initial CMO was entered on November 29, 2001, Plaintiff did not anticipate filing a Second Amended Complaint alleging punitive damages. (Pl.'s Resp. at 1). Plaintiff further asserts that the two requests she seeks are "very limited and specific production of materials, which poses no burden or prejudice to the Defendant ... ." (*Id.* at 2).

While this court may agree with Plaintiff that the additional two requests do not pose a burden or prejudice to the Defendant, the court nevertheless will not allow the production of the two requests at this time. The parties agreed on a CMO that allowed for twenty requests to produce, and while Defendant has seemingly allowed at least twelve more requests than initially agreed upon, this court will adhere to the CMO as filed and agreed upon by both parties. If Plaintiff wishes to file a motion to amend the CMO to allow a greater number of production requests, then Plaintiff should do so. Until then, Defendant's Motion to Strike is granted and Plaintiff's Fourth Supplemental Request to Produce is stricken without prejudice.

Next, this court addresses Defendant's Motion for Reasonable Fees. Federal Rules of Civil Procedure 26(b)(4)(C) states that,

> the party seeking discovery pay the expert a reasonable fee for time spent in responding to discovery under this subdivision and (ii) with respect to discovery obtained under subdivision (b)(4)(B) of this rule the court shall require the party seeking discovery to pay the other party a ***fair portion of the fees and expenses reasonably incurred by the latter party in obtaining facts and opinions from the expert.***

Fed. R. Civ. P. 26(b)(4)(C) (emphasis added). Defendant argues that it propounded its Supplemental Request to Produce to Plaintiff for purposes of obtaining copies of Dr. Bakken's documents relied on in support of his extensive report. However, Defendant asserts that Dr. Bakken's invoice includes fees and costs that do not properly fit under Rule 26(b)(4)(C). Specifically, Dr. Bakken billed 2.5 hours in "Document Review: subpoena; Research on validity of requests" and "Research: subpoena." (Mot. for Reasonable Fees at Ex. B). Why Dr. Bakken needed 2.5 hours for document review and research on the validity of Defendant's requests and 2.3 hours for research of the subpoena is unknown to this court and Plaintiff has provided no response to Defendant's motion. On its face, 4.8 hours billed on Dr. Bakken's invoice do not comply with Rule 26 (b)(4)(C) and Defendant should not be expected to pay for those hours that do not comply with the rule. Therefore, Defendant's Motion for Reasonable Fees is granted in part and denied in part. The court strikes 4.8 hours (at $210.00 an hour) from Dr. Bakken's invoice. Defendant is ordered to pay Dr. Bakken $784.00 ($1792.00 - $525.00 - $483.00 = $784.00).