# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | P. Michael Mahoney |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50357 | **DATE** | 6/19/2003 |
| **CASE TITLE** | Brewer vs. Wal-Mart Stores Inc. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____ . Reply to answer brief due_____ .

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the attached Memorandum Opinion and Order, Plaintiff's Motion to Amend is granted in part and denied in part. Defendant is ordered to produce one 30(b)(6) witness within reasonable time, who will testify for no longer than three hours as to the meaning of the codes on the CD-Rom produced to Plaintiff.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| ✓ | Notices mailed by judge's staff. | | JUN 19 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | 6/19/2003 | |
| | Copy to judge/magistrate judge. | | date mailed notice | |
| sp | courtroom deputy's initials | | sp | |
| | | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
03 JUN 19 PM 2: 03
FILED-WM

Date/time received in central Clerk's Office

CARLA S. BREWER,           )
                                       )
     **Plaintiff,**             )        Case No. 01 C 50357
                                         )
     v.                        )        Magistrate Judge
                                         )        P. Michael Mahoney
WAL-MART STORES, INC.,       )
a Delaware corporation,        )
                                       )
     **Defendant.**           )

## Memorandum Opinion and Order

Plaintiff Carla S. Brewer ("Plaintiff") filed, on May 23, 2003, a Motion to Amend Case Management Order ("Motion to Amend") seeking to add twenty production requests. Defendant Wal-Mart Stores, Inc. ("Defendant") filed its response on June 3, 2003 asking this Court to deny Plaintiff's Motion to Amend. This Court gave Plaintiff until June 13, 2003 to send a transcript and material in support of her Motion to Amend. For the following reasons, Plaintiff's Motion to Amend is granted in part and denied in part.

## Background

On June 6, 2001, Plaintiff entered Defendant's store located at 2019 North Richmond Road, McHenry, Illinois. (Compl. at 2). Plaintiff was standing in the aisle of the store when she was allegedly struck on the head by two boxes containing liquid substance, which had fallen from the riser shelf. (Compl. at 3). As a result of being struck, Plaintiff allegedly sustained injuries to her head, neck, and shoulders. (*Id.*).

Plaintiff filed a two-count complaint on October 3, 2001 alleging negligence and res ipsa loquitur against Defendant. (Compl. at 1, 5). In her complaint, Plaintiff alleged that Defendant

failed to store the boxes in a safe condition or to warn customers of the dangerous condition. (Compl. at 3). On November 30, 2001, the parties entered into a Case Management Order, in which this Court set a limit of twenty production requests. On May 3, 2002, Plaintiff filed her first Amended Complaint alleging, in addition to the two previous counts, willful and wanton conduct on the part of the Defendant.[1] (First Am. Compl. at 6). In her first Amended Complaint, Plaintiff alleged that Defendant acted willfully and wantonly by consciously disregarding the safety of persons such as Plaintiff when it knew, or should have known, that stacking the boxes in such a manner would be unreasonably dangerous. (First Am. Compl. at 9).

Due to the additional count of willful and wanton conduct, Plaintiff requests, in her Motion to Amend, an excess of twenty production requests enlarging the total number of production requests to forty. Plaintiff seeks the additional production requests to assist her in understanding a CD-Rom provided by Defendant. This CD-Rom contains claims regarding falling merchandise incidents brought against Defendant between June 6, 1996 and June 6, 2001. (Pl.'s Aff. at 1). The CD-Rom categorizes claims by code which allows a person to identify the categorization of the type of falling incident . (Id.). Plaintiff seeks to obtain information regarding the meaning of the codes used on the CD-Rom in order to prove the count regarding Defendant's willful and wanton conduct. (Pl.'s Aff. at 2).

B. Case Management Order

The Case Management Order was approved on November 30, 2001 by this Court. On that date, the parties were given ten depositions each, limited to three hours for two Defendant

---

[1]Plaintiff also filed a second and third amended complaint, in which she included the wilful and wanton conduct claim alleged in her first amended complaint.

2

representatives and six hours for Plaintiff. The parties were also each given thirty interrogatories, twenty requests to admit, and twenty requests to produce.

On July 31, 2002, a discovery conference was held in which Plaintiff's motion for leave to conduct thirteen additional depositions was granted. Further, on December 18, 2002, each party was granted thirty requests to admit. Defendant also claims that Plaintiff made an additional fifteen requests to produce. (Def's Resp. at 2). The cutoff for discovery is set for July 31, 2003.

## C. *Plaintiff's Motion to Amend Case Management Order*

On May 23, 2003, Plaintiff entered a Motion to Amend Case Management Order to expand the number of production requests from twenty to forty. (Mot. to Am. at 1). Plaintiff claims that at the time the Case Management Order was entered into, she did not anticipate filing an Amended Complaint. (*Id*.). Because the Amended Complaint expanded the case to include an additional count for willful and wanton conduct, Plaintiff claims that additional production requests are necessary. (*Id*.). Plaintiff also maintains that she should be granted additional production requests because she is seeking limited and specific production of materials in regards to the CD-Rom that poses no burden on Defendant. (*Id.*)

## D. *Defendant's Objection*

On June 3, 2002, Defendant filed a response to Plaintiff's Motion to Amend in which it objected to the motion. First, Defendant claims that it has already had to produce hundreds of pages of records to Plaintiff. (Def.'s Resp. at 2). Also, although Plaintiff claims that punitive damages were not originally contemplated in the original discovery, Defendant maintains that previous production requests arguably relate to the discovery of punitive damages. (*Id*.). Therefore, the Defendant claims that the count of willful and wanton conduct was anticipated and that additional

requests for production should not be granted.

## Discussion

Rule 16 of the Federal Rules of Civil Procedure allows the court, at its discretion, to direct the attorneys for the parties to appear before it for a conference before trial. Fed. R. Civ. P. 16(a). According to the Rule, the conference is established for the purpose of: 1) expediting the disposition of the action; 2) establishing early and continuous control so that the case will not be protracted because of lack of management; 3) discouraging wasteful pretrial activities; 4) improving the quality of the trial through more thorough preparation; and 5) facilitating the settlement of the case. *Id.*

The Federal Rules have also established that "a schedule shall not be modified except upon a showing of good cause and by leave of the district judge or, when authorized by local rule, by a magistrate judge." Fed. R. Civ. P. 16(b). Therefore, it is within the judge's discretion to modify the schedule where there is a showing of good cause, or where he sees that modification is appropriate.

This Court believes that additional production requests will delay the discovery process. Rather, in order to expedite discovery and have the case proceed towards trial, this Court believes that the use of a 30(b)(6) witness to testify as to the meaning of the codes on the CD-Rom will be more productive and efficient. Therefore, Defendant is ordered to produce one 30(b)(6) witness within a reasonable time, who will testify for no longer than three hours as to the meaning of the codes on the CD-Rom produced to Plaintiff.

## Conclusion

For the above mentioned reasons, Plaintiff's Motion to Amend is granted in part and denied in part. Defendant is ordered to produce one 30(b)(6) witness within a reasonable time, who will testify for no longer than three hours as to the meaning of the codes on the CD-Rom produced to Plaintiff.

**ENTER:**

P. MICHAEL MAHONEY, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

**DATE:** 6/19/03