# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 50357 | **DATE** | 3/12/2004 |
| **CASE TITLE** |  | BREWER vs. WAL-MART STORES | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated on the reverse Memorandum Opinion and Order, defendant's motion for partial summary judgment is denied. The parties are ordered to schedule a status hearing before the magistrate judge within 30 days to consider a settlement conference or mediation.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| ✓ | Notices mailed by judge's staff. | | MAR 17 2004 | |
| | Notified counsel by telephone. | | date docketed | 79 |
| | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | | 3-16-04 date mailed notice | |
| /SEC | courtroom deputy's initials | | | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiff, Carla S. Brewer, a citizen of Illinois, brings this action against defendant, Wal-Mart Stores, Inc., a Delaware corporation with its principal place of business in Arkansas, alleging negligence (Count I), res ipsa loquitur (Count II) and wilful and wanton conduct (Count III). Count III seeks punitive damages. Plaintiff was injured when she was struck by plastic bottles containing liquid falling from a riser in one of defendant's stores in McHenry, Illinois. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 (a) (1) because the amount in controversy exceeds $ 75,000 and the parties are citizens of different states. The parties agree Illinois substantive law applies. Defendant moves for partial summary judgment on Count III asserting plaintiff has presented no evidence of wilful and wanton conduct warranting an award of punitive damages.[1]

Summary judgment is appropriate when, after construing all facts and drawing all reasonable inferences in favor of the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Hall v. Bodine Elec. Co., 276 F.3d 345 (7th Cir. 2002). In order to avoid summary judgment, a plaintiff needs to supply evidence sufficient for a jury to render a verdict in plaintiff's favor. See Basith v. Cook Cty, 241 F.3d 919, 926 (7th Cir. 2001). Under Illinois law, an "individual acts wilfully or wantonly if he or she displays a reckless disregard for the safety of others after knowledge of impending danger." Reid v. Norfolk & W. Ry. Co., 157 F.3d 1106, 1111 n. 5 (7th Cir. 1998) (applying Illinois law). A corporation may not be subject to a punitive damages award on a respondeat superior theory but only where the wilful and wanton conduct is attributable to a managerial employee or where a managerial agent or superior officer has authorized or ratified the conduct for the corporation. See Jannotta v. Subway Sandwich Shops, Inc., 125 F.3d 503, 513 (7th Cir. 1997); Dewick v. Maytag Corp., 296 F. Supp. 2d 905, 911 (N.D. Ill. 2003) (Shadur, J.). Evidence of substantially similar occurrences (SSO) is admissible to show a conscious disregard for the safety of others. Barton v. Chicago & Northwestern Trans. Co., 757 N.E.2d 533, 555 (Ill. App. 2001). Whether "defendant's conduct was sufficiently willful or wanton to justify the imposition of punitive damages is for the jury to decide." Cirrincione v. Johnson, 703 N.E. 2d 67, 70 (Ill. 1998).

Plaintiff claims defendant was aware of many SSO in its stores but failed to act to rectify the problem of items stored on risers falling and injuring customers. Defendant argues plaintiff has not presented sufficient admissible evidence of SSO to warrant a finding of wilful and wanton conduct. Plaintiff maintains that defendant has admitted in answers to interrogatories that there were twenty-three same or similar instances of injury from falling merchandise at defendant's McHenry store prior to plaintiff's injury. Defendant counters that it is not bound by its answers to interrogatories and that there were only eight incidents in that store involving items falling from risers or displays and only six of them may not have been the customer's fault. Additionally, plaintiff claims that defendant has reported over 32,000 customer injuries in all its stores resulting from falling merchandise in the five year period immediately proceeding plaintiff's injury. Defendant objects to consideration of this evidence arguing, among other things, that plaintiff has not proved all the prior instances are the same or similar occurrences.

A perusal of the list of incidents (Exh. H) relied on by plaintiff, which was produced by defendant, shows numerous occurrences of items falling from risers and striking customers many stores. Plaintiff also presented evidence that defendant had identified a method that could reduce incidents of merchandise falling from risers and that it had not been implemented in the McHenry store on the risers at issue in this case. The McHenry store had in the previous five years by defendant's own admission at least eight instances of items falling from risers and injuring customers. This is sufficient evidence of substantially similar occurrences that a jury could conclude that defendant showed a conscious disregard for the safety of others in stacking items on risers in the McHenry store without safely securing those items.[2] Accordingly, the defendant could be found to have acted willfully or wantonly.

For the foregoing reasons, defendant's motion for partial summary judgment is denied. The parties are ordered to schedule a status hearing before the magistrate judge within 30 days to consider a settlement conference or mediation.

---

[1] The court notes plaintiff's memorandum exceeds the 15-page limit established by local rule as does defendant's reply memorandum. The court does not appreciate briefs in excess of the page limit especially when filed without obtaining leave to do so and usually strikes nonconforming briefs.

[2] The court is not ruling at this time that it will allow all of the evidence of asserted SSO offered by plaintiff into evidence.